SHARP, Judge.
The state appeals the trial court’s order which suppressed evidence of cocaine at Gans’ criminal trial for unlawful possession.[1] The cocaine was found by a hospital employee in Gan’s pants pocket when he was being treated at a hospital emergency room. It was given to an Orlando police officer by the employee, and the officer tested it without obtaining a search warrant. The lower court ruled the police officer made an illegal search and seizure in violation of the fourth amendment.[2] We disagree and reverse.
The facts in this case are not in conflict.[3] Gans was in an automobile accident at approximately 2:00 a.m. on March 25, 1982. He was brought to the emergency area of the Orlando Regional Medical Center in a semiconscious state, unable to answer any questions. It was part of Judy Bittner’s (a secretary) duties to try to identify patients in such a state and note any medical history. She searched Gans’ personal belongings and found in his pants pocket a key, $537.00 in cash, and a small vial containing white powder.
Another secretary assisting Bittman said the powder looked like cocaine. Bittman told a registered nurse of their suspicions, and then reported the incident to the police. Following hospital procedure, Bittman sealed Gans’ property in a brown envelope and locked it in a drawer in the treatment area. In accordance with hospital practice, the envelope would have been transferred to a safe in the morning.
When Officer Edwards arrived at the hospital at about 3:00 a.m., Bittman gave Edwards the envelope. Edwards testified that although she had no search warrant, the hospital gave her Gans’ envelope; “They didn’t want it. They gave it to me.” Edwards opened the envelope and removed the vial. After looking at its contents, she also suspected it was cocaine. She put the vial in her pocket and shortly thereafter, ran a presumptive test on the powder at police headquarters. The substance was then positively identified as cocaine.
The issue in this case is whether Gans’ fourth amendment rights against unlawful search and seizure were violated by any of the various searches which took place after he arrived in the emergency room: Bitt-man’s search of his clothing; Edwards’ search of the envelope; or Edwards’ testing of the contents of the seized vial. We must now find the answer to these questions among the United States Supreme Court’s interpretations of the fourth amendment to the Federal Constitution.[4]
Recent Supreme Court opinions have clarified the rules applicable to this case. Bittman’s initial search of Gans’ pockets did not bring the fourth amendment into operation because she was a private person, as opposed to being a federal or state police officer. Illinois v. Andreas, — U.S. -, 103 S.Ct. 3319, 77 L.Ed.2d 1003 (1983). She discovered the cocaine while performing her hospital duties,[5] and her call to the police was prompted only by *657 general concern which we hope most law-abiding citizens feel when confronted by an unlawful act. There is no evidence in this case, nor did the court find, that Bittman was acting as a police agent, or that the hospital had an agreement with the police to search patients for drugs.[6]
When Bittman gave -Edwards the envelope and Edwards opened it and observed the cocaine, no additional constitutional right was violated because Edwards did not exceed the scope of the private search. The Supreme Court held in United States v. Jacobsen, — U.S. -, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984), that a government search which is prompted by a private one, and which does not exceed the scope of the private search, violates no constitutional right because at that point the party’s “expectation of privacy has already been frustrated.” Jacobsen. Analogizing this case to Jacobsen, Edwards’ taking the envelope from Bittman and opening it was a seizure, but it was not unreasonable because Gans had no legitimate expectation of privacy in the content of his pockets, given the earlier private search. See also Andreas.
The final question is whether Edwards’ taking the white powder and testing it so exceeded the scope of the private search that without a search warrant it independently violated the fourth amendment. In Walter v. United States, 447 U.S. 649, 100 5.Ct. 2395, 65 L.Ed.2d 410 (1980), an interstate shipment of sealed packages was delivered to the wrong company. Employees opened some and found films with titles suggesting they were about homosexual activities. The FBI was called, and federal agents took the films away and screened them. The Court held that although the FBI was lawfully in possession of the films, it had no right to view them on a projector without a warrant. The Court stressed that the screening of the films, which were protected by the first amendment, was a significant expansion of the private search.
However, in Jacobsen, the Court held that the government’s performance of a field test on powder obtained from a private search and seizure in order to indicate the presence of a narcotic, was not a “search” because any further legitimate expectation of privacy was only remotely compromised. Although the test exceeded the private investigation of the non-government employee, any “seizure” of cocaine which is lost in the course of testing is reasonable, balancing the nature and quality of an individual’s fourth amendment rights against the importance of the governmental interest alleged to justify the intrusion. See Jacobsen, 104 S.Ct. at 1662-63.
Based on Jacobsen,[7] we hold there was no fourth amendment violation of Gans’ rights, and the suppression order is therefore
REVERSED.
DAUKSCH and COWART, JJ., concur.

. § 893.13(l)(e), Fla.Stat. (1983).

. U.S. CONST, amends. IV, XIV.

. The suppression hearing was held February 18, 1983, and the court entered its ruling on March 15, 1983.

. Article I, section 12 of the Florida Constitution contains a similarly worded prohibition against unlawful search and seizure. But the addendum to section 12, approved by the voters in November 1982, forbids the granting of any greater protection to an individual under the Florida Constitution than is afforded by the United States Supreme Court under the Federal Constitution. Although technically this case was decided by the trial court before the state constitutional amendment took effect, the trial court relied solely on United States Supreme Court cases. Since no controlling Florida cases have been cited to us, we shall look solely to federal cases in deciding this case.

.However, Gans’ fourth amendment rights would not have been violated even if Bittman’s search had been beyond her duties, or had been the act of an intermedler. United States v. Jacobsen, — U.S. -, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984).

. United States v. Barry, 673 F.2d 912 (6th Cir.), cert. denied, 459 U.S. 927, 103 S.Ct. 238, 74 L.Ed.2d 188 (1982).

. We note that the trial court did not have the benefit of Jacobsen in reaching its decision.