534 So.2d 825 (1988)
Gerald TREADWAY, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1518.
District Court of Appeal of Florida, Fourth District.
November 30, 1988.
*826 Jim Scutti, Boca Raton, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert S. Jaegers, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant was convicted of organized fraud and grand theft in seven counts and sentenced to seven years in prison on each count, all to run concurrently. From the judgment of conviction and sentences appellant poses three points on appeal: 1) whether the evidence was derived by virtue of an illegal search and seizure, 2) whether the conduct involved was noncriminal at the time it occurred, and 3) whether the reasons for departure from the sentencing guidelines are invalid.
It appears that appellant operated an independent insurance agency specializing in life, health and disability insurance. In addition, the agency operated several investment programs for its clients. The charges involved therein arose out of the investment aspect of the agency's activities and, specifically, misrepresentation of facts regarding investments in an annuity policy allegedly backed by Amoco.
A lawyer for Keith Ruyle, one of appellant's agents, contacted the Florida Comptroller's Office regarding the investment operation. Thereafter, an operative of the comptroller's office, Steve Horn, began an investigation of the agency's investment practices. During this time, Ruyle furnished Horn with copies of papers from Ruyles' own investment file and that of two of Ruyles' clients. Ruyle had become concerned over the investment scheme[1] and, upon looking into his personal file, found that money he invested had been improperly removed. Office rules prohibited Ruyle's looking at these files; however, he did so out of concern for his investment, to determine whether the program was being properly handled, and probably to protect himself from possible prosecution. Horn testified that he was never shown any investor files, that he never asked Ruyle for information. He simply listened to what Ruyle told him and looked at any documentation Ruyle showed to him. This was corroborated by Ruyle.
Appellant contends that making copies of the files in question was done at *827 Horn's instance and that Ruyle was acting as an agent of the government bringing into play fourth amendment problems regarding unlawful searches and seizures. Appellee argues that Ruyle was acting as a private person and not as an agent of the state when he acquired the evidence at issue. In Pomerantz v. State, 372 So.2d 104 (Fla. 3d DCA 1979), the court held that fourth amendment protection against unreasonable searches and seizures applies only to cases involving governmental action and not to searches and seizures conducted by private individuals. Similarly, in United States v. Walther, 652 F.2d 788 (9th Cir.1981), the court held that, while a wrongful search and seizure by a private party does not violate the fourth amendment, when a private party acts as an "instrument or agent" of the state in effecting a search and seizure, fourth amendment interests are implicated. The court then stated:
While a certain degree of governmental participation is necessary before a private citizen is transformed into an agent of the state, de minimis or incidental contacts between the citizen and law enforcement agents prior to or during the course of a search or seizure will not subject the search to fourth amendment scrutiny. The government must be involved either directly as a participant or indirectly as an encourager of the private citizen's actions before we deem the citizen to be an instrument of the state. The requisite degree of governmental participation involves some degree of knowledge and acquiescence in the search.
Id. at 791-92 (Citations omitted). Furthermore, as the court said in Hooper v. Sachs, 618 F. Supp. 963 (D.Md. 1985):
In the Ninth Circuit, a line of cases holds that if the only purpose of a private search is to further a government interest, it is subject to Fourth Amendment strictures. See, e.g., United States v. Walther, 652 F.2d 788, 791-793 (9th Cir.1981); United States v. Krell, 388 F. Supp. 1372, 1374 (D.Alaska 1975). When, however, a dual purpose for the search exists such that the private person is also furthering his own ends, the search generally retains its private character.
Id. at 968. The burden of proof to establish government involvement in a private search rests upon the party objecting to admission of the evidence. As indicated above, the evidence here is that Ruyle had several good reasons for looking into appellant's files pertaining to the investment scheme, so that, even if there was some modicum of government involvement, the record supports the trial judge's determination in favor of admissibility. Thus, we conclude no reversible error has been demonstrated under this point.
Appellant's second point involves the failure of the court to instruct the jury properly on the organized fraud count. However, without going into all the details of appellant's argument in support thereof, suffice to say that appellant neither requested the court to give any special instruction in this regard, nor did he object to the instruction as given. Absent fundamental error, which does not exist here, a party may not assign as error the giving of a charge unless he objects thereto or the failure to give a charge unless he has requested one. Fla.R.Civ.P. 1.470(b).
Finally, appellant contends the trial court erred in departing from the presumptive sentence provided in the sentencing guidelines of three and one-half to four and one-half years because the grounds were either totally invalid or were not clear and convincing. The trial judge went to some pains to articulate his reasons for departure even to citing authority therefor. Furthermore, he stated quite clearly that he would have departed from the guidelines sentence and imposed seven years' incarceration for any one of the four listed reasons. Be that as it may, we hold that the first two reasons relied upon; breach of trust and the premeditation and preparation and length of the fraudulent activity, were proper. However, grounds three and four, the emotional hardship and vulnerability of the victims due to their age, are not sufficiently supported by the record. Thus, because of the existence of the two *828 valid reasons for departure herein, the sentence imposed should be upheld. § 921.001(5), Fla. Stat. (1987); Abt v. State, 528 So.2d 112 (Fla. 4th DCA 1988). Accordingly the judgment of conviction and sentence is affirmed. However, we also certify to the supreme court, as we did in Abt, the following question:
WHETHER THAT PORTION OF CHAPTER 87-110, LAWS OF FLORIDA, WHICH AMENDS SECTION 921.001(5), FLORIDA STATUTES, IS APPLICABLE TO APPELLATE REVIEW OF SENTENCES IMPOSED FOR OFFENSES WHICH WERE COMMITTED PRIOR TO JULY 1, 1987.
WALDEN and GUNTHER, JJ., concur.
NOTES
[1] He was concerned to the point that he withdrew his account at a penalty.