KLEIN, Judge.
Appellant was convicted of possession of marijuana in excess of twenty grams and possession of paraphernalia, and appeals the denial of his motion to suppress. We reverse.
Appellant lived with a woman and her twelve year old daughter, and he had an office in their home which was “off limits” to the child. She went into the room, however, in search of a pencil and found marijuana in a desk drawer. She did nothing at that time, but several days later, after quarreling with appellant, she called the police.
The officer who received the call from the child asked her if she could get a sample of the marijuana, and she responded in the affirmative. She did not tell him she was not allowed to go into the room. She thereupon retrieved a joint from the desk drawer and took it to the officers, who were waiting in a park across the street from the residence. After confirming that it was marijuana, they obtained a search warrant, carried out a search, and found a bag of marijuana and paraphernalia.
In United States v. Mekjian, 505 F.2d 1320 (5th Cir.1975), an employee of a physician contacted the FBI after making copies of the physician’s files which showed fraudulent medicare claims. The FBI warned her not to make any further copies; however, she disregarded the warning and continued copying other files. The fifth circuit concluded that the evidence was admissible because the government officials had no knowledge of either of the searches, until after they had occurred. The court explained, however, that where officials either actively participate in a search being conducted by private parties or allow such searches to proceed with approval, the searches must comply with the fourth amendment.
Mekjian was followed in M.J. v. State, 399 So.2d 996 (Fla. 1st DCA 1981), in which an assistant principal was told by students that M.J. had marijuana on his person. The assistant principal called the police who came to the school, and the assistant principal, in the presence of the police, ordered M.J. to produce the marijuana, which he did. The first district concluded that the search was unlawful, stating: “When a law enforcement officer directs, participates, or acquiesces in a search conducted by private parties, that search must comport with usual constitutional standards,” citing Mekjian.[1]
*467 In the present case the child did not obtain any of the evidence prior to the involvement of the police, but rather only observed it. We therefore conclude that the marijuana she initially obtained, after being directed by the police to do so, should have been suppressed. The evidence obtained in the search after the warrant was issued would be tainted as “fruit of the poisoned tree,” Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), and should also have been suppressed.
GUNTHER, C.J., and FARMER, J., concur.

. In M.J. the court observed that both law enforcement officers and school officials must have *467 probable cause for searching a student. After MJ. was decided, however, the United States Supreme Court held in New Jersey v. TLO, 469 U.S. 325, 341, 105 S.Ct. 733, 742, 83 L.Ed.2d 720 (1985), that "the legality of a search of a student should depend simply on the reasonableness, under all circumstances, of the search.”
Accordingly the probable cause requirement of MJ. is more stringent than what is now required when the search involves a student at school. See State v. D.S., 685 So.2d 41 (Fla. 11th DCA 1996). That portion of MJ. which we have quoted, however, remains good law.