737 So.2d 597 (1999)
Jeffrey GLASSER, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2086.
District Court of Appeal of Florida, Fourth District.
July 14, 1999.
Gabriel L. Grasso of Gabriel L. Grasso P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Terri Leon-Benner, Assistant Attorney General, Fort Lauderdale, for appellee.
DELL, J.
Jeffrey Glasser appeals his conviction and sentence for grand theft over $20,000.00; possession of a motor vehicle with an altered vehicle identification number ("VIN"); and operating a chop shop. He contends that the trial court erred in denying his motion to suppress evidence obtained pursuant to a search warrant. We agree and reverse.
At a hearing on appellant's motion, Denise Stefanik testified that Deputy Stefanie Goessel believed appellant was "crooked" and knew Stefanik worked for him at his house detailing cars. Stefanik stated that Goessel also knew her license had been suspended for driving under the influence, and used that fact to "harrass" her, trying to catch her driving. She testified that Goessel approached her, and asked her to "keep [her] eyes open" while working at appellant's house, and to write down "VINs" on a piece of paper, so Goessel could run the numbers to see if the cars on appellant's property were stolen. In return for Stefanik's cooperation, Goessel offered *598 to leave Stefanik alone. Upon observing appellant and his brother working on a dismantled vehicle, Stefanik removed a sticker from the car's gas tank without appellant's knowledge or consent. She gave the sticker containing the VIN to Goessel, who ran it, and found the car was stolen. Goessel furnished the information obtained from Stefanik and the sticker to Deputy Aker of the auto theft task force unit who obtained a search warrant for appellant's premises.
At the suppression hearing, appellant argued that the evidence should be suppressed because the affidavit in support of the warrant was incomplete and contained misleading allegations and omissions concerning the arrangement between Stefanik and Goessel. The affidavit stated that "an unidentified white female" provided the manufacturer's sticker. Appellant further argued that Stefanik acted as a police agent at the time she removed the manufacturer's sticker containing the VIN.
The trial court denied appellant's motion, finding Officer Aker did not have knowledge of the arrangement between Goessel and Stefanik, and the affidavit was sufficient to support the issuance of the warrant. The trial court also concluded Goessel had only instructed Stefanik to remember or write down VINs, and Stefanik's removal of the sticker containing the VIN on her own initiative, turned an initial government search into a private search. The trial court further found Stefanik did not enter appellant's property solely on Goessel's instruction, but was lawfully there to work for appellant.
The record supports the trial court's finding that Detective Aker gave the affidavit in support of the search warrant in good faith. The record does not, however, support the trial court's conclusion that Stefanik acted as a private citizen rather than an agent of the government when she removed the sticker from the vehicle.
This court in Treadway v. State, 534 So.2d 825 (Fla. 4th DCA 1988), discussed the implications of a search and seizure that involved an agent of the government:
In Pomerantz v. State, 372 So.2d 104 (Fla. 3d DCA 1979), the court held that fourth amendment protection against unreasonable searches and seizures applies only to cases involving governmental action and not to searches and seizures conducted by private individuals. Similarly, in United States v. Walther, 652 F.2d 788 (9th Cir.1981), the court held that, while a wrongful search and seizure by a private party does not violate the fourth amendment, when a private party acts as an "instrument or agent" of the state in effecting a search and seizure, fourth amendment interests are implicated. The court then stated:
While a certain degree of governmental participation is necessary before a private citizen is transformed into an agent of the state, de minimis or incidental contacts between the citizen and law enforcement agents prior to or during the course of a search or seizure will not subject the search to fourth amendment scrutiny. The government must be involved either directly as a participant or indirectly as an encourager of the private citizen's actions before we deem the citizen to be an instrument of the state. The requisite degree of governmental participation involves some degree of knowledge and acquiescence in the search.
Id. at 791-92 (citations omitted). Furthermore, as the court said in Hooper v. Sachs, 618 F.Supp. 963 [at 968] (D.Md. 1985):
In the Ninth Circuit, a line of cases holds that if the only purpose of a private search is to further a government interest, it is subject to Fourth Amendment strictures. See, e.g., United States v. Walther, 652 F.2d 788, 791-793 (9th Cir.1981); United States v. Krell, 388 F.Supp. 1372, 1374 (D.Alaska 1975). When, however, a *599 dual purpose for the search exists such that the private person is also furthering his own ends, the search generally retains its private character.
Treadway, 534 So.2d at 827 (emphasis added); see also Garner v. State, 729 So.2d 990, 993 & n. 3 (Fla. 5th DCA 1999)("In determining whether a private citizen has acted as an agent of the government, the court must consider: (1) whether the government knew of and acquiesced in the activity; and (2) whether the citizen was motivated on the basis of assisting the government.... If both factors are present, a private party will be considered to have acted as a government agent.")(citing U.S. v. Feffer, 831 F.2d 734, 739 (7th Cir. 1987)).
The record reveals that Goessel encouraged Stefanik's actions. See Treadway, 534 So.2d at 827. Moreover, Goessel had knowledge of and acquiesced in Stefanik's search for VINs. See id. In addition, Stefanik claimed that the only reason she removed the sticker with the VIN on it from appellant's car was because of her arrangement with Goessel, and to get the police to stop bothering her. Id.; see also Garner, 729 So.2d 990, 993 n. 3. The fact that Stefanik removed a sticker with a VIN on it, rather than writing the VIN on a piece of paper, does not turn the government search into a private search. Stefanik testified that when she removed the sticker, she was acting solely at the direction of the police, and not because she was a concerned or "good citizen." In Elson v. State, 688 So.2d 465 (Fla. 4th DCA 1997), this court held that marijuana obtained by the defendant's daughter, after being directed by the police to get a sample, should have been suppressed. Id. at 467. In reaching this conclusion, this court cited United States v. Mekjian, 505 F.2d 1320 (5th Cir.1975), for the proposition that "[w]hen a law enforcement officer directs, participates, or acquiesces in a search conducted by private parties, that search must comport with usual constitutional standards." Id. at 466.
Accordingly, we hold that Stefanik acted as a police agent when she searched appellant's premises and seized the sticker containing the VIN, and that her search and seizure violated appellant's Fourth Amendment rights, and Article 1, Section 12 of the Florida Constitution. Consequently, the evidence obtained from the premises by Stefanik and pursuant to the search warrant must be suppressed. We, therefore, reverse appellant's conviction and sentence, and remand for proceedings consistent herewith.
REVERSED and REMANDED.
POLEN and HAZOURI, JJ., concur.