ANTOON, C.J.
In this case Scott Olsen, the defendant, was charged with armed robbery with a firearm. The state appeals the trial court’s order suppressing the firearm discovered inside Mr. Olsen’s desk by his employer. We reverse because the search of Mr. Olsen’s desk was conducted by a private individual and thus did not violate Mr. Olsen’s Fourth Amendment rights.
The police arrested Mr. Olsen at his place of employment while his employer, Gregory Petrie, was at lunch. Mr. Petrie telephoned the police when he returned to his office and was advised of the charges against Mr. Olsen. At the end of the work day, Mr. Petrie went to Mr. Olsen’s work area to assess the status of Mr. Olsen’s work. While going through Mr. Olsen’s desk, Mr. Petrie discovered a firearm. He immediately telephoned the police. The police arrived ten to fifteen minutes later whereupon Mr. Petrie opened Mr. Olsen’s desk and showed them the firearm.' The police removed the gun from Mr. Olsen’s desk.
Mr. Olsen filed a motion to suppress the firearm as evidence arguing that the search of the desk violated his rights under the Fourth and Fourteenth Amendments of the United States Constitution. The trial court accepted Mr. Olsen’s argument and suppressed the use of the firearm as evidence. The trial court’s ruling was erroneous because the Fourth Amendment protects only against illegal searches conducted by government officials. See United States v. Jacobsen, 466 U.S. 109, 115, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984).[1] A government search which is prompted by a preceding private search, and does not exceed the scope of the private search, does not violate the Fourth Amendment *456 because at that point “the party’s expectation of privacy has already been frustrated.” State v. Gans, 454 So.2d 655, 657 (Fla. 5th DCA 1984) (citing Jacobsen, 466 U.S. at 117, 104 S.Ct. 1652). Evidence seized as a result of such a search is admissible against a defendant in a criminal proceeding. See Walter v. United States, 447 U.S. 649, 656, 100 S.Ct. 2395, 65 L.Ed.2d 410 (1980); see also Burdeau v. McDowell, 256 U.S. 465, 475, 41 S.Ct. 574, 65 L.Ed. 1048 (1921). However, a search will not be considered private if it was instigated by law enforcement or conducted by a private citizen acting as an agent of law enforcement. See Jacobsen, 466 U.S. at 115,104 S.Ct. 1652.
In the instant case, the only conclusion to be drawn from the testimony submitted during the suppression is that Mr. Petrie acted on his own when he opened the desk to check on the status of Mr. Olsen’s work. Furthermore, the police conduct after responding to Mr. Petrie’s report did not exceed Mr. Petrie’s private search. See Gans, 454 So.2d at 657. Accordingly, we reverse the order entered by the trial court suppressing the firearm as evidence and remand this matter for further proceedings.
REVERSED and REMANDED.
DAUKSCH and COBB, JJ„ concur.

. Florida courts are constitutionally required to interpret search and seizure issues in conformity with the Fourth Amendment of the United States as interpreted by the United States Supreme Court. See Art. I, § 12, Fla. Const.