PER CURIAM.
The trial judge refused to suppress the firearm involved in this case on the ground that there was no basis to conclude that the private security guards who searched the defendant at the flea market which employed them were government actors so as to subject them to the requirements of the Fourth Amendment. We agree. See Coolidge v. New Hampshire, 403 U.S. 443, 487-89, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); United States v. Shakid, 117 F.3d 322 (7th Cir.1997), cert. denied, 522 U.S. 902, 118 S.Ct. 254, 139 L.Ed.2d 182 (1997); United States v. Francoeur, 547 F.2d 891 (5th Cir.1977), cert. denied, 431 U.S. 932, 97 S.Ct. 2640, 53 L.Ed.2d 249 (1977); State v. Olsen, 745 So.2d 454 (Fla. 5th DCA 1999); Treadway v. State, 534 So.2d 825 (Fla. 4th DCA 1988); cf. State v. Iaccarino, 767 So.2d 470 (Fla. 2d DCA 2000); Glasser v. State, 737 So.2d 597 (Fla. 4th DCA 1999); Pomerantz v. State, 372 So.2d 104 (Fla. 3d DCA 1979), cert. denied and appeal dismissed, 386 So.2d 642 (Fla.1980). Accordingly, the judgment and sentence entered on a nolo plea which reserved the right to challenge that ruling are affirmed.