PER CURIAM.
Appellant challenges his convictions for trafficking in cocaine over 400 grams and for possession of marijuana under 20 grams. We affirm appellant’s conviction and sentence for trafficking, but vacate the conviction for possession.
Florida State Trooper Phillip Shank (Trooper Shank) stopped appellant on Florida’s Turnpike for following too closely. The vehicle had Georgia license plates and appellant presented a valid Georgia driver’s license. Appellant disclaimed ownership of the vehicle, did not know the name of its owner and could not produce a registration.[1] Trooper Shank ran a computer check which revealed that the vehicle was owned by a Gerald Hall, but registered in the name of another. Appellant denied any knowledge of a Mr. Hall. While the computer check showed that the vehicle had not been reported stolen, Trooper Shank *844 testified that this information is not always dispositive of the vehicle’s status since a theft report may not yet have been filed. He stated that in the past he had released stopped vehicles on the basis of computer information only to discover later the vehicle had been stolen, but not yet reported. Trooper Shank testified that given appellant’s answers and nervous behavior he suspected that the vehicle had been stolen.
Through the window of the vehicle Trooper Shank saw a large "wad” of money tucked between the front seats of the vehicle. He entered the vehicle, took the money and asked appellant if he normally carried such amounts of cash. Appellant responded that he did. Trooper Shank returned the money to appellant, again entered the vehicle and searched the glove compartment, but found no registration. In the back seat of the vehicle Trooper Shank could see two garbage bags and a suitcase. When asked, appellant disclaimed any knowledge of the owner or contents of the bags. Trooper Shank then entered the vehicle again and searched the bags which contained women’s clothing but no indicia of ownership.
Trooper Shank notified appellant that he was free to leave, but that the vehicle would remain until ownership could be determined. He then asked appellant for permission to search the trunk of the vehicle. Appellant acquiesced and signed a waiver of consent form, refusing Trooper Shank’s offers to explain any part of the form appellant did not understand. Once inside the trunk, Trooper Shank found a small quantity of marijuana. He placed appellant under arrest and called for assistance. Further search of the trunk produced a large quantity of cocaine hidden inside a spare tire. When the cocaine was uncovered, appellant pointed across the Turnpike to a parked truck, occupied by one male and two females, and stated “there’s the owner of the stuff.” The truck sped off and was later apprehended by police. The driver of the truck was identified as Gerald Hall, the owner of appellant’s vehicle.
Appellant was charged with trafficking in cocaine and possession of marijuana and pled not guilty to both charges. Appellant filed a motion to suppress the physical evidence on the ground that the consent to search had been involuntary. The trial court denied the motion. Appellant then entered into a plea agreement with the state for substantial assistance in exchange for nolo contendere plea and a recommended sentence below the mandatory minimum. Appellant failed to offer assistance and was given several extensions of time in order to comply with the agreement. On one such occasion the state agreed to the additional time in exchange for appellant’s promise not to withdraw his plea of nolo contendere. Appellant still failed to provide substantial assistance and filed a pro se motion to withdraw his plea arguing that he had not understood the plea. After a hearing the trial court denied the motion and sentenced appellant to a mandatory minimum sentence of fifteen years incarceration for trafficking and one year incarceration for possession of marijuana.
Appellant argues that Trooper Shank’s actions, prior to obtaining the consent, constituted unreasonable searches and seizures and therefore presumptively tainted the subsequent consent. See Norman v. State, 379 So.2d 643 (Fla.1980). The voluntariness of a consent must be determined from the totality of the circumstances. Id. Under Norman, if a consent to search is preceded by illegal police activity, the consent is tainted and presumptively involuntary. In such a case the voluntariness of the consent must be proven by “clear and convincing proof of an unequivocal break in the chain of illegality sufficient to dissipate the taint of prior official illegal action.” Norman, 379 So.2d at 647 (citing Bailey v. State, 319 So.2d 22 (Fla.1975); Sheff v. State, 329 So.2d 270 (Fla.1976)).
The record supports a finding that Trooper Shank had sufficient probable cause to believe that the vehicle had been stolen. Appellant disclaimed ownership, failed to produce a registration, could not offer the name of the owner and did not recognize the owner’s name when provided to him. While the computer check revealed that the vehicle had not been reported sto *845 len, the trooper testified that based on his experience he did not believe this to be dispositive of the vehicle’s status. Appellant’s reliance upon State v. Anderson, 479 So.2d 816 (Fla. 4th DCA 1986), is misplaced. In Anderson, the defendant knew the name of the owner of the vehicle he was driving, but merely could not remember his address. Given that the facts support probable cause, Trooper Shank’s subsequent intrusions into the vehicle were justified. Where consent is not preceded by illegal action, proof of its voluntariness must be proven by a preponderance of the evidence. See Denehy v. State, 400 So.2d 1216 (Fla.1980); Alvarez v. State, 515 So.2d 286 (Fla. 4th DCA 1987). The signed consent form along with Trooper Shank’s testimony that appellant understood the form, support the trial court’s conclusion that the state had met this burden.
We also hold that the trial court did not abuse its discretion by denying appellant’s motion to withdraw his nolo contendere plea. See e.g., Lopez v. State, 536 So.2d 226 (Fla.1988) (withdrawal of plea is within the discretion of the trial court and not a matter of right). The written plea petition, plea agreement and the evidence adduced at the change of plea hearing, support the trial court’s conclusion that appellant had understood the initial plea and had entered it voluntarily.
We therefore affirm appellant’s conviction and sentence for trafficking in cocaine of over 400 grams. We, however, reverse appellant’s conviction for possession of marijuana. The record reflects that the state intended to nolle prosequi that charge upon appellant’s sentence to the mandatory minimum of fifteen years on the trafficking charge. We remand this cause and direct the trial court to vacate the conviction and sentence for possession of marijuana.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
DELL, J„ and WALDEN, JAMES H., Senior Judge, concur.
ANSTEAD, J., dissents with opinion.

. At the suppression hearing Trooper Shank testified that appellant did not explain how he came into possession of the vehicle, but at an earlier deposition testified that appellant had said he had gotten it from friends.