POLEN, Judge.
B.T., a juvenile defendant, pled no contest to possession of cocaine, preserving his right to appeal the trial court’s denial of his motion to suppress based on an allegedly illegal search. Finding no legal basis for the officers to have conducted the search that produced the cocaine, we reverse.
The challenged search followed a brief investigatory detention, which in turn followed a legitimate traffic stop while the juvenile defendant, B.T., was riding a bicycle after 11:00 p.m. B.T. argues that the stop, under the circumstances of this case, did not justify a pat-down under section 901.151, Florida Statutes. Section 901.151, also known as the “Florida Stop and Frisk Law,” states, in pertinent part:
(5) Whenever any law enforcement officer authorized to detain temporarily any person ... has probable cause to believe that any person whom he has temporarily detained, or is about to detain temporarily, is armed with a dangerous weapon and therefore offers a threat to the safety of the officer or any other person, he may search such person so temporarily detained only to the extent necessary to disclose, and for the purpose of disclosing, the presence of such weapon. If such a search discloses such a weapon or any evidence of a criminal offense it may be seized.
§ 901.151(5), Fla. Stat. (1995). B.T. also attacks the validity of the officers’ “request” that he empty his pockets after the pat-down. He alleges that he did not voluntarily consent to emptying his pockets during which the officers discovered cocaine on his person.
B.T. moved to suppress all evidence and statements obtained as a result of both the pat-down and subsequent search of his pockets. At the hearing on the motion, one of the arresting officers testified that, after B.T. was stopped, he failed to produce any identification. As a consequence, he then conducted a pat-down search out of fear for his safety. He did not feel any “large objects” or any other item he thought was a weapon, however, during the pat-down.
There was conflicting testimony as to what occurred thereafter. The officer testified that B.T. then consented to his request that he empty his pockets. In contrast, B.T. testified that the officer ordered him to do so. In any event, B.T. emptied his pockets, and the officer observed cocaine fall from his hand. The court denied the motion to suppress. B.T. then entered a plea of no contest. He was adjudicated delinquent and committed to the Department of Juvenile Justice.
*250 A ruling on a motion to suppress falls within the discretion of the trial court and is presumptively correct. Johnson v. State, 438 So.2d 774, 776 (Fla.1983). A reviewing court should interpret the evidence in a light most favorable to sustaining the trial court’s ruling. Id. Using this standard of review, we find that the court abused its discretion in denying B.T.’s motion to suppress.
Ordinarily, a traffic stop in a situation as here should last no longer than the time it takes to write a citation. State v. Anderson, 479 So.2d 816, 818 (Fla. 4th DCA 1985). To justify a lengthier detention, an officer must have a reasonable suspicion based on articulable facts that criminal activity “may be afoot.” Terry v. Ohio, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968). Reasonable suspicion is something less than probable cause, but more than an unspecific suspicion or “hunch.” Id. at 27, 88 S.Ct. at 1883. Furthermore, to conduct a valid frisk following the stop, an officer must have some additional articulable suspicion to believe that the person stopped is armed with a dangerous weapon. Johnson v. State, 537 So.2d 117, 119 (Fla. 1st DCA 1988).
In light of his testimony, we believe the officer had probable cause to stop B.T. and conduct a Terry pat-down for his own safety. Once the pat-down failed to produce a weapon, however, the officer had no legal basis to “request” B.T. to empty his pockets absent his consent. In this regard, this court has adopted a higher standard of review in determining whether consent by a minor is voluntary. Rouser v. State, 579 So.2d 842, 845 (Fla. 4th DCA 1991). Specifically, the state must prove by clear and convincing evidence that B.T.’s consent to the search was freely and voluntarily given. Saavedra v. State, 622 So.2d 952, 956-57 (Fla.1993).
We do not find that the state met this burden. This situation was not akin to an ordinary, casual encounter on a street where a reasonable person might feel free to just walk away. B.T. was on a bicycle; the officers were in uniform, visibly carried guns, and had their patrol car nearby. Even if B.T. had “consented,” under these facts, we do not believe a reasonable person would have felt free to leave. Therefore, we find that the search was invalid and suppression should have been granted.
REVERSED.
GLICKSTEIN and GUNTHER, JJ., concur.