ORFINGER, M., Senior Judge.
The trial court denied a motion to suppress evidence after finding that the search was based on a valid consent. Appellant pled no contest, reserving his right to appeal the dispositive motion. We affirm.
Appellant, a 15 year old boy, was stopped by a uniformed deputy sheriff for riding a bicycle without having his hands on the handlebars. § 316.2065(7), Fla. Stat. (1997). The officer was alone and did not draw his weapon. Appellant was breathing hard and appeared nervous to the officer who asked if appellant had any weapons or contraband on his person. When appellant replied in the negative, the officer asked appellant if he “could search his person.” Appellant agreed and the search revealed contraband. Appellant was then charged with possession of cocaine, a third degree felony.
Appellant does not dispute the validity of the stop. Instead, he argues that the consent to search was coercive and was not freely and voluntarily given, relying on B.T. v. State, 702 So.2d 248 (Fla. 4th DCA 1997). In B.T., two officers stopped appellant for a bicycle violation late at night. Because he could produce no identification, the officers conducted a pat down search, but no large objects or any other item which could be a weapon were found. The officer then “requested” appellant to empty his pockets, and when he did so, the officers detected cocaine fall from his pocket. The appellate court reversed the denial of the motion to suppress, holding that while the pat down search was reasonable under the circumstances, once no weapons were discovered, any further detention absent an articulable suspicion that appellant was engaged in criminal activity was unreasonable, so that even if there was consent it was coercive and not given freely and voluntarily.
The trial court here distinguished this case from B.T., interpreting the “request” to “empty your pockets” by a law enforcement officer in that case as a command and not a request. The trial court then found that appellant had had eighteen prior contacts with the juvenile justice system, had experience and was mature and had an understanding of what it meant to be stopped by a law enforcement officer and how to respond. As in State v. C.S., 632 So.2d 675 (Fla. 2d DCA 1994) the stop was lawful, the trial court found the officer’s testimony to be persuasive in that his weapon was not drawn, he spoke to appellant in a normal tone, made no threats and that appellant freely consented to the search.
A trial court’s ruling on a motion to suppress is presumed to be correct. Johnson v. State, 438 So.2d 774 (Fla.1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984). A reviewing court must interpret the evidence and all reasonable deductions and inferences which may be drawn therefrom in a manner most favorable to the trial judges conclusions. Johnson, supra. Shapiro v. State, 390 So.2d 344 (Fla.1980), cert. denied, 450 U.S. 982, 101 S.Ct. 1519, 67 L.Ed.2d 818 (1981).
The evidence before the trial court supports its conclusion that consent to search was freely and voluntarily given.
AFFIRMED.
HARRIS and PETERSON, JJ., concur.