735 So.2d 606 (1999)
Kim LANGLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-00513.
District Court of Appeal of Florida, Second District.
July 9, 1999.
*607 James Marion Moorman, Public Defender, and Allyn Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellee.
PARKER, Judge.
Kim Langley appeals the final judgment after pleading no contest to possession of cocaine and drug paraphernalia after reserving her right to appeal the denial of her dispositive motion to suppress. We reverse because the initial citizen-police encounter turned into a seizure when the officer instructed Langley not to leave the area.
In this case, six officers and a K-9 dog approached the steps of the mobile home where Langley and another man were sitting waiting for a ride to work. They were told that the officers were checking out a complaint of child neglect and possible illegal narcotics activity. One officer asked Langley her name and if she lived in the mobile home. Langley gave her name and stated that she did reside in the home, but that she did not have any children. Then Langley got up and started to walk away; however, as she was walking away one of the officers told her to come back and wait until they made contact with the people in the mobile home. Langley returned to the stairs and sat down. Langley testified that she was afraid of the dog and that she did not believe she was free to leave because the officers stopped her when she attempted to leave.
The officers that testified at the suppression hearing provided different testimony regarding what occurred. One officer stated that it was a knock-and-talk, citizen encounter, and that Langley was free to leave. Another officer stated that they were doing an investigation based on a tip from a California police agency. However, both officers admitted that Langley attempted to leave after answering their questions and that the officers asked her to stay. When Langley returned to her seat on the steps, one officer requested identification. When Langley opened her purse, an officer testified that he saw a crack cocaine pipe in plain view. Thereafter, the officer arrested Langley.
In order to determine whether a particular encounter constitutes a seizure, a court must consider the circumstances surrounding the encounter to determine whether the police conduct would have communicated to a "reasonable person" that the person was not free to decline the officer's request or otherwise terminate the encounter. See Popple v. State, 626 So.2d 185, 188 (Fla.1993); State v. Crumpton, 676 So.2d 987, 989 (Fla. 2d DCA 1996). Under these circumstances, it cannot be said that a reasonable person, facing six police officers and a police dog, would believe that she was free to leave.
Because we conclude that the detention was illegal and there was nothing to break the chain of illegality "to dissipate the taint of the prior illegal police action," it cannot be said that Langley's consent to look into her purse was freely and voluntarily given. Jordan v. State, 707 So.2d 338, 338 (Fla. 2d DCA 1998). Thus, we reverse the denial of Langley's dispositive motion to suppress and remand with instructions that the trial court discharge Langley.
Reverse and remanded.
THREADGILL, A.C.J., and STRINGER, J., Concur.