POLSTON, J.
The State charges juvenile appellee with possession of cocaine and marijuana discovered during a traffic stop. The trial court granted the appellee’s motion to suppress all evidence procured as a result of the traffic stop. We reverse and remand for further proceedings. The trial court should first determine whether the State proved by a preponderance of the evidence, rather than by clear and convincing evidence, that the appellee’s consent to the search of the vehicle was given freely and voluntarily.
In the order granting the appellee’s motion to suppress, the trial court found:
that the child, after being stopped for a tail light equipment violation, and being detained by three police officers with two patrol cars lights flashing, could not reasonably assume he was free to drive off, and under these factual circumstances, a “consent” was not freely and voluntarily given. B.T., a child, v. State, 702 So.2d 248 (Fla. 4th DCA 1997).
A trial court’s ruling on a motion to suppress is a mixed question of law and fact. See Hines v. State, 737 So.2d 1182, 1184 (Fla. 1st DCA 1999). The appellate court must construe all the evidence, and all reasonable inferences therefrom, in a manner most favorable to upholding the trial court’s determination. The standard of review of the trial court’s findings of fact is whether competent, substantial evidence supports the findings. Id. However, the appellate court conducts a de novo review of the trial court’s application of the *316 law to the facts. Id.; see e.g., State v. Parrish, 731 So.2d 101, 103 (Fla. 2d DCA 1999)(holding the trial court misapplied the law in ruling the appellee’s consent to search the vehicle was just acquiescence to authority).
In the instant case, the trial court erred by relying on B.T. v.. State, 702 So.2d 248 (Fla. 4th DCA 1997) in support of its legal conclusion that the appellee’s consent was not freely and voluntarily given. The court there held that because the consent was given by a minor, the state must “prove by clear and convincing evidence that B.T.’s consent to the search was freely and voluntarily given,” citing Saavedra v. State, 622 So.2d 952 (Fla.1993). 702 So.2d at 250. We decline to follow B.T. v. State.
The Florida Supreme Court in Saavedra reiterated that under ordinary circumstances the voluntariness of the consent to search must be established by a preponderance of the evidence, quoting Denehy v. State, 400 So.2d 1216, 1217 (Fla.1981). 622 So.2d at 956 n. 6. The court then stated that -“[bjecause the issue in the instant case addresses the question of a minor granting consent to enter a parent’s home, we find that the higher standard of clear and convincing evidence is appropriate.” Id.
The issue in Saavedra addressed the question of a minor consenting to a search of a parent’s home. We do not believe Saavedra’s clear and convincing evidence standard applies to whether or not a minor voluntarily consented to a search of a vehicle he was driving. Expectations of privacy in an automobile are significantly lower than those in a home. City of Indianopolis v. Edmond, 531 U.S. 32, 121 S.Ct. 447, 461, 148 L.Ed.2d 333 (2000)(Rehnquist, C.J., dissenting, collecting cases).
Generally, the controlling burden of proof at suppression hearings is by a preponderance of'the evidence. Id.; United States v. Matlock, 415 U.S. 164, 178 n. 14, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); United States v. Hurtado, 905 F.2d 74 (5th Cir.1990)(on rehearing en banc, overruling prior precedent of requiring government to prove defendant’s consent by clear and convincing evidence, and holding that voluntary and effective consent must be shown by preponderance of the evidence).
In determining whether there was voluntary and effective consent, the trial court must assess the “totality of all the surrounding circumstances-both the characteristics of the accused and the details of the interrogation.” Schneckloth v. Bustamonte, 412 U.S. 218, 226, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Some of the factors to be taken into account include the “youth of the accused, his lack of education, or his low intelligence, the lack of any advice to the accused of his constitutional rights, the length of detention, the repeated and prolonged nature of the questioning, and the use of physical punishment such as the deprivation of food or sleep.” Id. (citations omitted, emphasis added). See also United States v. Gipp, 147 F.3d 680, 685-86 (8th Cir.1998)(listing factors for a trial court to consider when determining the voluntariness of consent, including the characteristics of the accused and the details of the interrogation).
The youth of the accused is a factor that should be considered by the trial court as part of the totality of the circumstances. The government has to prove that, considering all these circumstances, a preponderance of the evidence shows that a voluntary and effective consent was given. In the instant case, the accused’s age should be considered as a factor of whether consent was voluntary and effective, but the standard of proof by *317 the government is by a preponderance of the evidence rather than by a clear and convincing standard.
The defendant’s knowledge of his right to refuse a search is a factor to be considered by the trial court, but the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent. Schneckloth, 412 U.S. at 248, 93 S.Ct. 2041. It is not required that a defendant be advised that he is “free to go” before his consent to search will be recognized as voluntary. Ohio v. Robinette, 519 U.S. 33, 117 S.Ct. 417, 136 L.Ed.2d 347, (1996). The crucial test is whether, taking into account all of the circumstances surrounding the encounter, whether the police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business. Florida v. Bostick, 501 U.S. 429, 437, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991).
In circumstances where there has been illegal police activity such as an illegal search or arrest, there must be “clear and convincing proof of an unequivocal break in the chain of illegality sufficient to dissipate the taint of prior official illegal action.” Norman v. State, 379 So.2d 643, 647 (Fla.1980). See generally State v. Fuksman, 468 So.2d 1067, 1071-72 (Fla. App. 3rd DCA 1985)(Pearson, J., concurring specially); Dormezil v. State, 754 So.2d 168, 169 (Fla. 5th DCA 2000)(holding that in the absence of police misconduct, the State can establish the voluntariness of consent to search by a preponderance of the evidence). There are no findings of fact by the trial court indicating circumstances of illegal police conduct. Accordingly, the greater burden of proof as required by Norman is not applicable.
REVERSED and REMANDED for further proceedings.
BARFIELD, C.J., and WOLF, J., concur.