WALLACE, Judge.
 

 The State appeals the circuit court’s order granting a motion to suppress evidence in favor of Mercedes Navarro and Oscar Ramon Oliva (the Appellees). Because the circuit court used the incorrect standard of proof in determining the vol-untariness of the consent search that resulted in the discovery of marijuana plants, we reverse the order and remand this case to the circuit court for reconsideration of the motion under the correct standard.
 

 THE FACTS AND PROCEDURAL BACKGROUND
 

 Hillsborough County sheriffs deputies found marijuana plants inside the Appel-lees’ residence during a consent search that followed a “knock and talk” at the Appellees’ front door. Ms. Navarro filed a motion to suppress the marijuana plants on the ground that any consent given amounted to acquiescence to authority and was involuntary. At the hearing on the motion, Mr. Oliva adopted Ms. Navarro’s motion. The primary issue at the hearing was the voluntariness of Mr. Oliva’s consent to the search.
 

 The circuit court’s order granting the motion contained detailed findings of fact and conclusions of law. The circuit court’s findings of fact on the circumstances that led the deputies to conduct a knock and talk at the Appellees’ residence are as follows:
 

 Deputy Julius Grice of the Hillsborough County Sheriffs Office testified that what brought him to the target location was that after several individuals were arrested in Polk County for their involvement with marijuana grow house operations, Deputy Grice ran the individuals’ information through the Hills-
 
 *372
 
 borough County Property Appraisal website to see if any of them also owned property in Hillsborough County. He testified that one of the individuals arrested in Polk County also owned property in Hillsborough County so at around 12:30 p.m. on August 4, 2007, he and Deputies Eric Powell and Javier Ortiz went to the target property to conduct a “knock and talk.” Grice testified that the plan was “to make contact with the owners of the house and ask for consent to search and see if there was any marijuana growing in the house.”
 

 (Citations to the hearing transcript omitted.)
 

 Here, the deputies did not decide to conduct the knock and talk based upon a tip from an informant or a citizen’s complaint. Moreover, before approaching the residence and knocking on the front door, the deputies conducted only a limited investigation. They did drive by the residence and observe it “for just a short time.” This observation revealed that the garage door window panes at the residence were painted. One of the deputies testified that such sealed windows are “sometimes indicative” of a marijuana cultivation operation. However, the knock and talk under review in this case was not based on probable cause or even a reasonable suspicion. Instead, the deputies acted based on what might be described as an “educated guess” or a “hunch.” At the hearing on the motion to suppress, the State argued that the knock and talk was a consensual encounter.
 

 The circuit court found that the knock- and-talk encounter constituted illegal police conduct because it was not based on a tip or complaint. Based upon its conclusion concerning the illegality of the knock and talk, the circuit court ruled that Mr. “Oliva’s consent may only be found voluntary if there is clear- and convincing evidence that his consent was not the product of the illegal knock and talk.” After a detailed review of the evidence, the circuit court found that the State had failed to establish the voluntariness of Mr. Oliva’s consent by clear and convincing evidence. Accordingly, the circuit court entered an order granting the motion to suppress.
 

 THE STATE’S ARGUMENT
 

 On appeal, the State challenges the circuit court’s conclusion that the knock-and-talk encounter constituted illegal police conduct. In particular, the State argues that the circuit court erred in ruling that a knock and talk must be based on a tip or complaint. The corollary of this argument is that the circuit court used an incorrect standard of proof in assessing the volun-tariness of the consent to the search.
 

 DISCUSSION
 

 A knock and talk “is an investigative technique whereby an officer knocks on the door to a residence and attempts to gather information by explaining to the occupants the reason for the police interest.”
 
 United States v. Norman,
 
 162 Fed.Appx. 866, 869 (11th Cir.2006);
 
 see also Luna-Martinez v. State,
 
 984 So.2d 592, 598 (Fla. 2d DCA 2008) (quoting
 
 Murphy v. State,
 
 898 So.2d 1031, 1032 n. 4 (Fla. 5th DCA 2005)).
 
 See generally
 
 Fern L. Klet-ter, Annotation,
 
 Construction and Application of Rule Permitting Knock and Talk Visits under Fourth Amendment and State Constitutions,
 
 15 A.L.R.6& 515 (2006). A knock and talk is considered a legitimate investigative procedure as long as it does not become a constructive entry.
 
 State v. Triana,
 
 979 So.2d 1039, 1043 (Fla. 3d DCA 2008).
 

 In
 
 Triana,
 
 the Third District explained that a knock and talk “is a purely consensual encounter, which officers may initiate without any objective level of sus-
 
 *373
 
 pidón.”
 
 Id.
 
 (emphasis added);
 
 see also United States v. Cruz-Mendez,
 
 467 F.3d 1260, 1264 (10th Cir.2006) (“[A] ‘knock and talk’ is a consensual encounter and therefore does not contravene the Fourth Amendment, even absent reasonable suspicion.”);
 
 United States v. Cormier,
 
 220 F.3d 1103, 1109 (9th Cir.2000) (“[N]o suspicion needed to be shown in order to justify the ‘knock and talk.’ ”). Nevertheless, the circuit court held that a knock and talk cannot be based on a hunch and must stem from a tip or complaint. The circuit court relied on several Florida cases to support this conclusion. However, only
 
 Lunar-Martinez, Triana,
 
 and
 
 Langley v. State,
 
 735 So.2d 606 (Fla. 2d DCA 1999), ruled on the legality of a knock and talk. The other cases cited in the circuit court’s order are inapposite.
 
 See Wheeler v. State,
 
 956 So.2d 517, 520 (Fla. 2d DCA 2007) (deciding whether an emergency justified a war-rantless entry into the defendant’s home and whether the inevitable discovery theory applied);
 
 Moore v. State,
 
 830 So.2d 883, 886 (Fla. 2d DCA 2002) (ruling on whether the person who consented to the police’s entry into the residence had the authority to do so);
 
 Murphy v. State,
 
 898 So.2d 1031, 1035-36 (Fla. 5th DCA 2005) (analyzing whether a warrantless search of a motel room was based on exigent circumstances);
 
 Miller v. State,
 
 865 So.2d 584, 587 n. 2 (Fla. 5th DCA 2004) (“[W]e do not view this as a ‘knock and talk’ case .... ”);
 
 Williams v. State,
 
 788 So.2d 334, 337 (Fla. 5th DCA 2001) (same).
 
 Luna-Martinez
 
 and
 
 Langley
 
 do not conflict with the Third District’s explanation of the law in
 
 Triana.
 
 Thus the circuit comet’s conclusion that a knock and talk cannot be based on a hunch and must stem from a tip or complaint finds no support in the case law.
 

 Furthermore, the policy behind knock-and-talk encounters supports this conclusion. The rationale for a knock and talk is that
 

 [a]bsent express orders from the person in possession against any possible trespass, there is no rule of private or public conduct which makes it illegal per se, or a condemned invasion of the person’s right of privacy, for anyone openly and peaceably, at high noon, to walk up the steps and knock on the front door of any man’s ‘castle’ with the honest intent of asking questions of the occupant thereof — whether the questioner be a pollster, a salesman, or an officer of the law.
 

 Davis v. United States,
 
 327 F.2d 301, 303 (9th Cir.1964). “Thus, ‘[ojfficers are allowed to knock on a residence’s door or otherwise approach the residence seeking to speak to the inhabitants just a[s] any private citizen may.’ ”
 
 United States v. Taylor,
 
 458 F.3d 1201, 1204 (11th Cir.2006) (first alteration in original) (quoting
 
 Estate of Smith v. Marasco,
 
 318 F.3d 497, 519 (3d Cir.2003)). The circuit court’s ruling conflicts with the proposition that police officers may approach a residence and speak to the residents just as any private citizen may. Thus the circuit court fell into error when it ruled that the knock-and-talk encounter at issue in this case amounted to illegal police conduct.
 

 Our conclusion about the legality of the knock-and-talk encounter brings us to the question of the standard of proof applicable to the determination of the vol-untariness of the consent search:
 

 Where the state asserts it had the right to search ... despite the absence of a warrant because the defendant consented to the search, the state has the burden to prove that consent was freely and voluntarily given. The burden of proof in these cases depends on whether there is invalid police conduct prior to obtaining the consent. “Under ordinary circumstances the voluntariness of the con
 
 *374
 
 sent to search must be established by preponderance of the evidence.” With invalid police conduct like prolonged detention, threats to obtain a warrant, or repeated requests for consent, the burden of proof is elevated to the clear and convincing standard.
 

 Dormezil v. State,
 
 754 So.2d 168, 169 (Fla. 5th DCA 2000) (citations omitted) (quoting
 
 Denehy v. State,
 
 400 So.2d 1216, 1217 (Fla.1980)). Here, the circuit court applied the clear and convincing evidence standard of proof because it found illegal police conduct based on its erroneous interpretation of the law concerning knock-and-talk encounters. But based on our conclusion above and because the knock and talk was not otherwise illegal, the appropriate standard of proof was preponderance of the evidence. Accordingly, we reverse the circuit court’s order and remand for reconsideration of the motion to suppress under the proper standard of proof.
 
 See State v. T.L.W.,
 
 783 So.2d 314, 317 (Fla. 1st DCA 2001).
 

 Reversed and remanded for further proceedings consistent with this opinion.
 

 KHOUZAM, J., and CASE, JAMES R., Associate Senior Judge, Concur.